USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONNY DITELLA,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

26-CV-9222 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff brings this action *pro se*. Plaintiff asserts claims for alleged violations of his rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and state law. By order dated October 22, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

[1] Although a summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date the summons issues.

If service is not effected within this 90-day period, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Experian Information Solutions, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons for this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Defendant Experian Information Solutions, Inc., complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Plaintiff may consent to accept service of documents in this case by email, instead of postal mail, by completing the form, Consent to Electronic Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 29, 2026
New York, New York

ANALISA TORRES
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Experian Information Solutions, Inc.
   CT Corporation System
   28 Liberty Street
   New York, NY 10005