MEMORANDUM ENDORSED

RECEIVED
SDNY PRO SE OFFICE
2026 OCT 21 AM 10: 16

**FILED PROVISIONALLY UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LONNY DITELLA,<br><br>Plaintiff,<br><br>– against –<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | 26 CV 9222<br><br>Civil Action No. ______________<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE THE COMPLAINT UNDER SEAL** |

Plaintiff Lonny DiTella, appearing *pro se*, respectfully moves under Federal Rule of Civil Procedure 5.2(d) and (e) and the Court's inherent authority over its records for an order:

(1) Granting Plaintiff leave to file the Complaint in this action under seal;

(2) Directing that the Complaint remain provisionally under seal until the Court decides this motion; and

(3) In the alternative, permitting Plaintiff to file a public version of the Complaint that redacts only the personal financial details identified below, with the unredacted Complaint kept under seal.

**RELIEF REQUESTED IN THE ALTERNATIVE**

If the Court declines to seal the Complaint in full, Plaintiff asks to redact only the following from the public version:

- The past and current balances of Plaintiff's credit card account, and the amount by which he has paid it down (Complaint ¶¶ 2, 12–14);
- The terms of Plaintiff's payment plan (Complaint ¶ 11);

- Plaintiff's Experian report number (Complaint ¶ 19); and
- The identity of creditors that denied Plaintiff credit or credit limit increases (Complaint ¶ 25).

The nature of the claims, the parties, and the legal theories would all remain public.

## GROUNDS FOR THE MOTION

### A. The governing standard

Plaintiff recognizes that a complaint is a judicial document and that the public's presumptive right of access to it is strong. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016). A document may nevertheless be sealed where specific findings show that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The privacy interests of the person resisting disclosure are among those higher values. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

Rule 5.2 also gives the Court express authority to order a filing "made under seal without redaction" and, for good cause, to "require redaction of additional information" beyond what Rule 5.2(a) requires. Fed. R. Civ. P. 5.2(d), (e)(1).

### B. The Complaint consists of Plaintiff's private financial information

In weighing privacy interests, courts "first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Personal financial matters with no public ramifications "weigh more heavily against access" than conduct affecting the public. *Id.*

The Complaint sets out the balance Plaintiff owes on a personal credit card, how much he has repaid, the terms of his payment plan, his credit report number, and the credit applications that were denied. These are a private individual's personal financial affairs. They concern no public official, public company or matter of public concern.

FILED PROVISIONALLY UNDER SEAL

**C. Public filing would compound the very harm this action seeks to remedy**

This action alleges that Experian has repeatedly disseminated inaccurate information about Plaintiff's debt and creditworthiness. Placing Plaintiff's debt, balances and credit denials on the public docket, where they are permanently searchable, would spread the same information the action seeks to correct. A plaintiff should not have to publicize the details of his finances, and the inaccurate reporting about them, as the price of enforcing his rights under the Fair Credit Reporting Act.

**D. The request is narrowly tailored**

Sealing will not prejudice Experian, which will receive the unredacted Complaint. In the alternative, Plaintiff proposes redacting only the specific financial details listed above. The public would still see the parties, the nature of the dispute, the statutes at issue and the relief sought. That limited redaction is the narrowest means of protecting Plaintiff's privacy while preserving public access to the substance of the case.

For these reasons, Plaintiff respectfully requests that the Court grant this motion.

Dated: New York, New York
October 17, 2026

Respectfully submitted,

Lonny DiTella, Plaintiff Pro Se
169 Madison Avenue - PMB 11432
New York, NY 10016
(917) 882-3353
LDiTella102@gmail.com

Given the sensitive personal nature of the financial arrangements at issue, the application to seal is granted. On or before November 6, 2026, plaintiff shall file a version of the complaint that redacts only the numbers, amounts and names identified in this motion (and not any of the other text in the Complaint).

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

October 30, 2026