UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LONNY DITELLA, :

: Plaintiff, **ORDER**

-v.-

: 26 Civ. 9222 (AT) (GWG)

EXPERIAN INFORMATION SOLUTIONS, INC. :

Defendant. :

---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

Motion to Seal

Plaintiff has moved to seal the entire case or, in the alternative, to seal certain personal information and/or deny remote access to the docket. (Docket # 24). Court filings, however, are presumed to be public, see generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006), and plaintiff has not shown that his need to shield personal information justifies sealing the entire case or denying remote access to it.

The Court accepts, however, that because of plaintiff's safety and privacy concerns, his current residential address, telephone number, date of birth, employer and workplace information, and financial account information should not be revealed (hereinafter, "Designated Personal Information"). The presumption of public access to such information is outweighed by the potential for harm that could befall plaintiff if such information were revealed.

It appears that the address currently on the docket sheet is not a residential address. Thus, the only information on the docket sheet that consists of Designated Personal Information is plaintiff's telephone number. Accordingly, the Clerk is directed to remove plaintiff's telephone number from the docket sheet.

As for any filings that may contain Designated Personal Information, plaintiff shall, at his earliest convenience, file a letter that (1) lists the docket numbers of all documents that contain such information and (2) attaches a version of each such document as originally filed with the Designated Personal Information redacted.[1] The Court will then seal all listed documents.

Going forward, the parties are directed to redact Designated Personal Information from all future filings.

Motion to Serve Early Request for Production of Documents

Discovery should proceed in an orderly fashion following discussion with counsel as

---

[1] With respect to the complaint, it may also redact any material permitted to be redacted by the Order of October 30, 2026 (Docket # 13).

contemplated by Fed. R. Civ. P. 26(f). The request to serve discovery now (Docket # 23) is denied as there is an insufficient showing of urgency.

Dated: November 20, 2026
New York, New York

SO ORDERED:

GABRIEL W. GORENSTEIN
United States Magistrate Judge